AUGUST VORRATH v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF HOBOKEN.

The plaintiff suffered damage in raising the grade of a street in front of his buildings by public authority. *Held*, that while it is the general rule that in such cases no action will lie against a public corporation, yet by sections 70, &c., of the Road act (*Rev.*, *p.* 1009) an action may be brought where there is no provision in the charter for assessing damages for altering the grade of streets. There is no such provision in the charter of the city of Hoboken. The report of commissioners of assessment, and parol proof of the estimation of damages in determining the amount of benefits, excluded.

The plaintiff is the owner of a lot of land on the northwest corner of First and Grand streets, in the city of Hoboken, on which he has erected three buildings, in conformity with the grade of First street established by ordinance of the mayor and common council of Hoboken, passed January 5th, 1866. December 4th, 1883, a further ordinance was passed raising the grade of First street two and a half feet higher than the former grade, and in front of the plaintiff's buildings. This work was completed December 16th, 1884. Prior to the re-grading, two houses were eight inches, at the door-sills, above the grade of the street, and the third on a level with the grade. After the regrading, the two houses were eight inches lower than the new grade and the third sixteen inches below it. It is necessary to raise the buildings to correspond with the present grade of the street, to admit air beneath the floors and joists of the buildings. The cost of such raising will amount to $600. The plaintiff signed no petition and gave no consent to raising or changing the grade of the street. He brought suit against the city, June 8th, 1885, to recover $600 damages.

At the trial the defendants offered in evidence the report of the commissioners of assessments on this improvement, filed August 18th, 1885, for the purpose of showing that there had been an assessment of damages and benefits for said improvement. It was objected to on the ground that the commission-

ers had no authority to estimate and assess damages, their power under the charter extending only to apportion the cost of the improvements and to assess the same on the land of abutting owners in proportion to the benefits received, and the report contained no statement of the assessment of damages sustained by such owners.

The defendants also offered to prove by the commissioners of assessment, who were present in court, that the damages sustained were taken into consideration in estimating the benefits to plaintiff's land and buildings. The court reserved the question of the admissibility of this evidence, also of the liability of the defendants under the Road act, sections 70 to 75 inclusive (*Rev., p.* 1009); also whether the charter of the city of Hoboken and its supplements provide for assessing damages and paying compensation to persons injured by the making or changing of grades of streets in said city. A verdict was taken for the plaintiff for $600, subject to the opinion of this court on the above points which were reserved, with leave to turn the same into a bill of exceptions or special verdict.

Argued at November Term, 1886, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff, *S. A. Besson.*

For the defendant, *J. F. Minturn.*

The opinion of the court was delivered by

SCUDDER, J. The general rule established by our courts is that a public corporation entrusted by statute with the performance of a public duty, and receiving therefrom no profits or emoluments to itself, is not liable in a civil action by an individual who has sustained special damage by the neglect of its agents in the performance of such duty. *Strader* v. *Freeholders of Sussex,* 3 *Harr.* 108; *Pray* v. *Jersey City,* 3 *Vroom* 394; *Town of Union* ads. *Durkes,* 9 *Vroom* 21; *Marvin Safe Co.* v. *Ward,* 17 *Vroom* 19; *Condit* v. *Jersey City, Id.* 157;

*Little* v. *Dusenberry, Id.* 614, 636 ; *Wild* v. *Paterson,* 18 *Vroom* 406.

His only remedy is such as may be given by statute. This action is based on the act of the legislature of 1858, found in the Revision. *Rev., p.* 1009, §§ 70, &c. This statute enacts " that an action upon the case doth and shall lie in behalf of any person owning any house or other building standing and erected on any street or highway the grade whereof shall be or shall have been altered by virtue of the ordinance, resolution or other proceeding of the legislative authority of any city, borough or town corporate in this state, to recover from said city, borough or town corporate all damages which such owner shall suffer by reason of altering any such grade," &c. By section 72 " the foregoing provision respecting grades shall not refer to any city, town or borough whose charter, or any supplement thereto now existing, or which shall hereafter be passed, provides or shall provide for assessing and paying compensation to persons injured by the making of grades established or to be established."

This act has been construed and held not to apply to the city of Newark, where the charter directs the common council to make compensation to land-owners for damages caused by altering street grades. *Reock* v. *Mayor and Common Council of Newark,* 4 *Vroom* 129. It has also been decided that the act (section 70) applies to the alteration of a grade not before formally established. *Town of Lambertville* v. *Clevinger,* 1 *Vroom* 53.

The charter and supplements of the city of Hoboken make no provision for assessing and paying compensation to persons injured by the making of grades established or to be established. In section 52 (*Pamph. L.* 1855, *p.* 475) it says " that the expenses of such improvements, when completed, shall be ascertained and assessed by three impartial commissioners, which commissioners shall examine into the whole matter and shall determine and report in writing to the council what real estate ought to be assessed for such improvement and what proportion of the expenses shall be

assessed to each separate parcel or lot of land," &c. The recitals of this duty imposed on the commissioners in section 55 of this act, and in the supplement of 1861, and in the further supplement of 1871 (*Pamph. L., p.* 1421) do not change the method of ascertaining and assessing the expenses of the improvements by the commissioners.

It is argued that the words in section 52, " expenses of such improvements," and requiring the commissioners to " examine into the whole matter," comprehend the assessment of damages to the land-owner. But commissioners, in making assessments for public improvements, have only such powers as are given by the express words of the charter, and such powers are construed strictly in favor of individuals who are injured or charged thereby. The words " expenses or costs of improvements " do not necessarily include an estimate of damages done to lands affected by them, but may mean the actual working on the street in grading. The damages to land are usually made distinct from other estimates and are expressly named in the respective charters, as appears in *State, Gleason, pros.,* v. *Town of Bergen,* 4 *Vroom* 72 ; *Wilkinson* v. *City of Trenton,* 6 *Vroom* 485 ; *Loweree* v. *City of Newark,* 9 *Vroom* 151 ; *Baldwin* v. *City of Newark, Id.* 158. This charter and the supplements make no mention of the damages done to the land-owner as part of the expenses or cost of the improvement, or as being estimated in determining the benefits conferred ; nor is there any provision made for assessing or compensating for such damages. The report of the commissioners is silent on the assessment of damages to this plaintiff, and the assessment appears to have been made only for costs and expenses of the grading improvement and the actual benefits received. If damages were also assessed the report does not say so, and if it did such assessment would be *ultra vires.* The report, therefore, was no evidence of any assessment for damages having been made for this plaintiff. Nor was it competent for the commissioners to testify that they had made such assessment of damages. They could not put into their report, by parol proof, what the law did not authorize

them to do in discharging a public duty under the terms of the charter.

The verdict should be permitted to stand, and judgment entered thereon for the plaintiff.